Dear Mr. DiMarco:
You have requested an Attorney General's opinion regarding the maximum millage rate which can be imposed upon taxpayers in a consolidated recreation district. According to your correspondence, the Jefferson Parish Council is considering the consolidation of three existing recreation districts. Two of those districts have voter approved ad valorem tax rates of ten mills and one district has a voter approved rate of eight mills. Ms. Penny Anderson, of your office, provided us with copies of the propositions which were approved by the voters of each district.
The propositions authorized by the electorate in each existing district contain identical language. Each authorizes the use of the revenues derived from the approved taxes:
 ". . . for the purpose of acquiring, constructing, improving, providing, maintaining or operating the recreational and community facilities in said district." (Emphasis added)
If the existing levies are continued, it is our opinion that the rate imposed in each former district cannot exceed the rate authorized by the electorate of each district. La. Const. Art.VI, Sec. 32. See also R.S. 33:4566 and R.S. 18:1284(C). It is our further opinion that the revenues derived in each former district from the existing levies can only be utilized within that former district.
La. Const. Art. VI, Sec. 26(B) governing special millages, provides as follows:
 "When the millage increase is for other than general purposes, the proposition shall state the specific purpose or purposes for which the tax is to be levied and the length of time the tax is to remain in effect. All proceeds of the tax shall be used solely for the purpose or purposes set forth in the proposition." (Emphasis added)
In addition, La. Const. Art. VI, Sec. 32, governing special taxes states:
 "For the purpose of acquiring, constructing, improving, maintaining or operating any work of public improvement, a political subdivision may levy special taxes when authorized by a majority of the electors in the political subdivision who vote thereon in an election held for that purpose." (Emphasis added)
Furthermore, La. R.S. 39:704 states, in pertinent part:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied." (Emphasis added)
If the Parish Council determines that it would be best to levy a uniform tax throughout the newly created district, it may submit to the qualified electors of the district ". . . a proposition to levy a special tax not to exceed fifteen mills on the dollar for a period not to exceed ten years." La. Const. Art. VI, Sec. 32
La. R.S. 33:4566.
In that regard, we direct you to La. R.S. 33:7705, which allows the governing authority of the consolidated recreation district to call an election for the levy of special taxes within the thirty day period following publication of the boundaries of the consolidated district.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv/0104n